902 F.2d 41
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
L.R. BRETZ, Defendant-Appellant.
 No. 87-4458.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1990.
Decided April 30, 1990.
 Before WALLACE, SKOPIL and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On August 29, 1978, A.J. Haider ("Haider") filed a mechanic's lien ("the Haider lien") against property located in Montana and owned by Augusta Lievens ("the Lievens property"). On or about March 8, 1982 the Haider lien was assigned to the appellant, L.R. Bretz. On March 2, 1984 the United States sued in federal court to foreclose a mortgage on the Lievens property. Appellant was named as a defendant.
 
 
 3
 Under Montana law, appellant carried the burden of establishing the validity of the Haider lien. Tri-County Plumbing and Heating, Inc. v. Levee Restorations, Inc., 720 P.2d 247, 251 (Mont.1986). Appellant attempted to introduce into evidence the notice of lien that Haider had filed in 1978 (Exhibit A). Attached to the notice of lien was a schedule setting forth the name, total, check number, amount paid and balance due Haider's creditors for the materials and services furnished to the Lievens property. At trial, Haider gave oral testimony concerning the accuracy of this schedule and the validity of the lien. However, the actual records and invoices were not offered into evidence. Haider testified that these documents had been discarded.
 
 
 4
 The district court held that a lien claimant, in order to meet his burden, must produce actual records of labor performed, materials supplied and work done. Based on this legal conclusion, the court ruled that appellant had failed to establish the validity of the Haider lien.
 
 
 5
 The district court relied on Tri-County, supra, to support its holding. Tri-County does hold that the value of a lien cannot be established by estimates. However, appellant in this case did not attempt to rely upon estimates. Appellant in this case relied on a job cost schedule supported by oral testimony. In Hagfeldt v. Mahaffey, 575 P.2d 915, 918 (Mont.1978), oral testimony given at trial was held sufficient to sustain a court's determination that a valid lien existed. Therefore, the district court in the present case was incorrect in holding that Montana law requires the use of actual records to establish the validity of a lien.
 
 
 6
 The district court in this case applied an incorrect standard of proof to appellant. Under Hagfeldt, appellant should have been allowed the opportunity to establish the validity of his lien through oral testimony. The case is therefore remanded for the district court to redetermine whether appellant's offered evidence is sufficient to establish the validity of his lien.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3